**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4749**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

JUAN GUZMAN,

     Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:15-cr-00034-AWA-LRL-1)

Submitted: March 26, 2018        Decided: April 6, 2018

Before GREGORY, Chief Judge, and FLOYD and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chad G. Dorsk, LAW OFFICE OF CHAD G. DORSK, Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Eric M. Hurt, Assistant United States Attorney, Matthew K. Hoff, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia; Alexander R. Kalyniuk, Third-Year Law Student, Collin C. Crookenden, Third Year Law Student, WILLIAM & MARY LAW SCHOOL, Williamsburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Guzman appeals the district court's judgment imposing the mandatory minimum sentence of 240 months in prison after the jury convicted him of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, subsequent to his conviction for a felony drug offense. In his opening brief, Guzman's attorney challenged the sufficiency of the evidence to sustain his conviction. After the brief was filed, Guzman filed several pro se motions seeking to raise additional issues, including whether the district court plainly erred in violation of *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005), by sentencing him based on the jury's verdict. We ordered counsel to file supplemental briefs addressing the issue, and they have done so. We now deny the pending pro se motions and affirm.[*]

Guzman argues the district court erred in denying his motion for judgment of acquittal. We review this issue de novo. *See United States v. Cowden*, 882 F.3d 464, 473 (4th Cir. 2018). "A defendant challenging the sufficiency of the evidence on appeal faces a heavy burden." *Id.* at 473-74 (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to the government, and we will sustain the

---

[*] Although we have considered the issues that Guzman sought to raise in his pro se motions, we conclude they are without merit; and we deny his motions to proceed pro se on appeal as untimely filed. *See* 4th Cir. R. 46(f); *United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985). We deny his motions to file pro se supplemental briefs, because his counsel filed a merits brief and a supplemental brief as we directed, not a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Hare*, 820 F.3d 93, 106 n.11 (4th Cir.), *cert. denied*, 137 S. Ct. 224 (2016); *United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). Finally, we deny his motion for a stay as moot.

jury's verdict if it is supported by substantial evidence." *Id.* at 474 (internal quotation marks and citation omitted). "Evidence is deemed 'substantial' if a reasonable finder of fact could view the evidence as establishing the defendant's guilt beyond a reasonable doubt." *Id.* (citation omitted). "We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government." *United States v. Cone*, 714 F.3d 197, 212 (4th Cir. 2013) (citation omitted).

To establish a drug conspiracy under 21 U.S.C. § 846 (2012), the Government must prove the defendant (1) entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1) (2012); (2) had knowledge of that conspiracy; and (3) knowingly and voluntarily participated in the conspiracy. *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (citation omitted). "Given the 'clandestine and covert' nature of conspiracies, the government can prove the existence of a conspiracy by circumstantial evidence alone." *Id.* (citation omitted).

"[O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (internal quotation marks and citations omitted). "Therefore, '[o]nce a conspiracy has been proved, the evidence need only establish a slight connection between any given defendant and the conspiracy to support conviction.'" *Id.* (citation omitted).

3

Viewing the evidence in the light most favorable to the Government, we conclude that Guzman's drug conspiracy conviction was supported by substantial evidence, and the district court did not err in denying his motion for judgment of acquittal.

We next consider whether the district court plainly erred under *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005). In *Collins*, "we held that, in order to properly apply the sentencing provisions of § 841(b)(1) in a § 846 drug conspiracy prosecution, the *jury* must determine that the threshold drug quantity was reasonably foreseeable to the defendant." *United States v. Jeffers*, 570 F.3d 557, 569 (4th Cir. 2009) (citing *Collins*, 415 F.3d at 314). When a defendant fails to object on the *Collins* issue, we review for plain error. *Id.*; *United States v. Foster*, 507 F.3d 233, 249 (4th Cir. 2007). He must show that an error occurred; it was plain; and it affected his substantial rights. *Jeffers*, 570 F.3d at 569. "Even if he makes such a showing, however, we can decline to correct the error unless it seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

"[W]here the evidence against a defendant is overwhelming and essentially uncontroverted, a plain error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings, and a reviewing court can choose not to recognize it." *Id.* (internal quotation marks and citation omitted). "[I]f the evidence 'overwhelmingly establishe[s]' that the defendant was personally responsible for the threshold quantity of drugs, and if his trial assertions 'primarily focused on whether he committed the offenses and not on the drug quantities reasonably foreseeable to him,' we may decline to recognize a plain *Collins* error." *Id.* at 569-70 (quoting *Foster*, 507 F.3d at 252).

4

In this case, neither the district court's jury instructions nor the special verdict form stated that the drug quantities must be foreseeable to Guzman. Rather, the jury only found the drug quantities involved in the entire conspiracy. Moreover, at sentencing, the district court adopted the jury's drug quantity findings in applying the Sentencing Guidelines and sentencing Guzman to the mandatory minimum 240 months in prison, which exceeded the Guidelines range. However, having reviewed the record and the parties' arguments, we conclude the evidence overwhelmingly established that Guzman was personally responsible for at least the threshold quantities of five kilograms or more of cocaine and 100 kilograms or more of marijuana. Moreover, his trial assertions primarily focused on whether he committed the offenses and not on the drug quantities reasonably foreseeable to him. We therefore decline to recognize any plain *Collins* error.

Accordingly, we deny the pending pro se motions and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*